**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and SUNOVION PHARMACEUTICALS INC. | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) C.A. No. 18-cv-0312-VAC-MPT ) |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC. | ) ) ) |
| Defendants. | ) ) |

**LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFFS' COMPLAINT**

Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively "Defendants"), by their attorneys, for their Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A. (collectively, "Bial"), and Sunovion Pharmaceuticals Inc. ("Sunovion") (collectively, "Plaintiffs") assert their separate defenses, and Lupin Ltd. asserts its separate counterclaims, as follows.

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendants deny all allegation in Plaintiffs' Complaint except those specifically admitted below.

**THE PARTIES[1]**

1.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore deny them.

---

[1] Defendants have incorporated the headings that appear in Plaintiffs' Complaint.  Defendants do not necessarily agree with the characterization of such headings and do not waive any right to object to those characterizations.

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore deny them.

3.      Defendants admit that the U.S. Food and Drug Administration's ("FDA") *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") lists Sunovion Pharmaceuticals Inc. as the Applicant Holder for NDA No. 022416, APTIOM®. Defendants further admit that the prescribing information for APTIOM®, dated 9/2017, recites, in part:

> **1   INDICATIONS AND USAGE**
>
> APTIOM is indicated for the treatment of partial-onset seizures in patients 4 years of age and older.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 3 and therefore deny them.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore deny them.

5.      Admitted.

6.      Defendants admit that Lupin Ltd. manufactures pharmaceutical products. Defendants deny all other allegations in paragraph 6.

7.      Defendants admit that Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.  Defendants deny all other allegations in paragraph 7.

8.      Defendants admit that Lupin Pharmaceuticals, Inc. is an indirect wholly-owned subsidiary of Lupin Ltd.  Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 8.

9.     Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action. Defendants deny all other allegations in paragraph 9.

10.     The allegations in paragraph 10 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 10.

11.     The allegations in paragraph 11 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 11.

## NATURE OF THE ACTION

12.     The allegations in paragraph 12 are legal conclusions to which no answer is required.  To the extent that a response is required, Defendants admit that Plaintiffs' Complaint is for alleged patent infringement of claims of U.S. Patent Nos. 8,372,431 ("the '431 patent"), 9,206,135 ("the '135 patent"), 9,566,244 ("the '244 patent"), 9,643,929 ("the '929 patent"), 9,750,747 ("the '747 patent), and 9,763,954 ("the '954 patent") and purports to be a civil action alleging infringement pursuant to Title 35 of the United States Code in connection the submission of Abbreviated New Drug Application ("ANDA") No. 211246 under 21 U.S.C. § 355(j) to the FDA for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants deny that the Complaint states a proper claim for infringement of the '431 patent, the '135 patent, the '244 patent, the '929 patent, the '747 patent, and the '954 patent and/or that such claims have any merit.  Defendants deny all other allegations in paragraph 12.

## JURISDICTION AND VENUE

13.     Defendants repeat and re-allege their answers to each of the preceding paragraphs 1-12, as if fully set forth herein.

14.     The allegations in paragraph 14 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Plaintiffs' Complaint purports to bring an action for patent infringement under the Patent Laws, 35 U.S.C. § 1 *et seq*. Defendants deny that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 would directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '431 patent, the '135 patent, the '244 patent, the '929 patent, the '747 patent, or the '954 patent.  Defendants deny all other allegations in paragraph 14.

15.     The allegations in paragraph 15 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that they do not contest subject matter jurisdiction in this Court solely for purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants deny all other allegations in paragraph 15.

16.     The allegations in paragraph 16 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest venue in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in this case and solely as they apply to the proposed products described in ANDA No. 211246.  Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 16.

17.     The allegations in paragraph 17 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in

this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants admit that Lupin Ltd. is a corporation organized and existing under the laws of India. Defendants deny all other allegations in paragraph 17.

18.     The allegations in paragraph 18 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Pharmaceuticals, Inc. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Pharmaceuticals, Inc. in this case and solely as they apply to the proposed products described in ANDA No. 211246.  Defendants admit that Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware.  Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 18.

19.     The allegations in paragraph 19 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Pharmaceuticals, Inc. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Pharmaceuticals, Inc. in this case and solely as they apply to the proposed products described in ANDA No. 211246.  Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 19.

20.     The allegations in paragraph 20 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 20.

21.     The allegations in paragraph 21 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 21.

22.     The allegations in paragraph 22 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 22.

23.     The allegations in paragraph 23 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 23.

24.     The allegations in paragraph 24 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 24.

25.     Denied.

26.     The allegations in paragraph 26 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Lupin Ltd. submitted ANDA No. 211246 for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants deny all other allegations in paragraph 26.

27.     The allegations in paragraph 27 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 27.

28.     The allegations in paragraph 28 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 28.

29.     The allegations in paragraph 29 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that Lupin Ltd. does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Lupin Ltd. in this case and solely as they apply to the proposed products described in ANDA No. 211246. Defendants deny that Lupin Pharmaceuticals, Inc. is a proper party to this action.  Defendants deny all other allegations in paragraph 29.

## FACTUAL BACKGROUND
### The NDA

30.     Defendants admit that the Orange Book lists Sunovion Pharmaceuticals Inc. as the Applicant Holder for NDA No. 022416, APTIOM® (eslicarbazepine acetate) oral tablets, 200 mg, 400 mg, 600 mg, and 800 mg.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 30 and therefore deny them.

31.     Defendants admit that, according to FDA's electronic records, FDA approved NDA No. 022416 on November 8, 2013.  Defendants admit that the prescribing information for APTIOM®, dated 11/2013, recites, in part:

**1   INDICATIONS AND USAGE**
**1.1   Partial-Onset Seizures**
APTIOM (eslicarbazepine acetate) is indicated as adjunctive treatment of partial-onset seizures.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 31 and therefore deny them.

32.     Defendants admit that, according to FDA's electronic records, FDA approved NDA No. 022416/S-001 on August 27, 2015.  Defendants admit that the prescribing information for APTIOM®, dated 08/2015, recites, in part:

> **1   INDICATIONS AND USAGE**
>
> APTIOM (eslicarbazepine acetate) is indicated for the treatment of partial-onset seizures as monotherapy or adjunctive therapy.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 32 and therefore deny them.

33.     Defendants admit that, according to FDA's electronic records, FDA approved NDA No. 22416/S-009 on September 13, 2017.  Defendants admit that the prescribing information for APTIOM®, dated 9/2017, recites, in part:

> **1   INDICATIONS AND USAGE**
>
> APTIOM is indicated for the treatment of partial-onset seizures in patients 4 years of age and older.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 33 and therefore deny them.

34.     Defendants admit that the prescribing information for APTIOM®, dated 9/2017, recites, in part:

> **1   INDICATIONS AND USAGE**
>
> APTIOM is indicated for the treatment of partial-onset seizures in patients 4 years of age and older.

Defendants admit that the Orange Book lists eslicarbazepine acetate as the active ingredient of APTIOM®.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 34 and therefore deny them.

**The Patents-in-Suit**

35.     Defendants admit that the '431 patent is entitled "Pharmaceutical Composition Comprising Licarbazepine Acetate" on the face of the patent.  Defendants further admit that the '431 patent lists February 12, 2013 as the Date of Patent.  Defendants further admit on information and belief that what purports to be a copy of the '431 patent is attached to the Complaint as Exhibit A.  Defendants deny all other allegations in paragraph 35.

36.     Defendants admit that the '431 patent lists "BIAL-PORTELA & C.A., S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the expiration date of the '431 patent as April 17, 2030.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 36 and therefore deny them.

37.     Defendants admit that the Orange Book lists the '431 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 37.

38.     Defendants admit that the '135 patent is entitled "Asymmetric Catalytic Reduction of Oxcarbazepine" on the face of the patent.  Defendants further admit that the '135 patent lists December 8, 2015 as the Date of Patent.  Defendants further admit on information and belief that what purports to be a copy of the '135 patent is attached to the Complaint as Exhibit B. Defendants deny all other allegations in paragraph 38.

39.     Defendants admit that the '135 patent lists "BIAL-PORTELA & C.A., S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the expiration date of the '135 patent as April 21, 2026.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 39 and therefore deny them.

40.     Defendants admit that the Orange Book lists the '135 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 40.

41.     Defendants admit that the '244 patent is entitled "Pharmaceutical Composition Comprising Licarbazepine Acetate" on the face of the patent.  Defendants further admit that the '244 patent lists February 14, 2017 as the Date of Patent.  Defendants further admit on information and belief that what purports to be a copy of the '244 patent is attached to the Complaint as Exhibit C.  Defendants deny all other allegations in paragraph 41.

42.     Defendants admit that the '244 patent lists "BIAL-PORTELE & CA, S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the expiration date of the '244 patent as October 23, 2028.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 42 and therefore deny them.

43.     Defendants admit that the Orange Book lists the '244 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 43.

44.     Defendants admit that the '929 patent is entitled "Asymmetric Catalytic Reduction of Oxcarbazepine" on the face of the patent.  Defendants further admit that the '929 patent lists May 9, 2017 as the Date of Patent.  Defendants further admit on information and belief that what purports to be a copy of the '929 patent is attached to the Complaint as Exhibit D.  Defendants deny all other allegations in paragraph 44.

45.     Defendants admit that the '929 patent lists "BIAL-PORTELA & CA, S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the expiration date of the '929 patent as April 21, 2026.  Defendants lack knowledge or information

sufficient to form a belief about the truth of all other allegations in paragraph 45 and therefore deny them.

46.     Defendants admit that the Orange Book lists the '929 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 46.

47.     Defendants admit that the '747 patent is entitled "Treatments Involving Eslicarbazepine Acetate or Eslicarbazepine" on the face of the patent.  Defendants further admit on information and belief that what purports to be a copy of the '747 patent is attached to the Complaint as Exhibit E.  Defendants further admit that the '747 patent lists September 5, 2017 as the Date of Patent.  Defendants deny all other allegations in paragraph 47.

48.     Defendants admit that the '747 patent lists "BIAL-PORTELA & CA, S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the expiration date of the '747 patent as August 24, 2032.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 48 and therefore deny them.

49.     Defendants admit that the Orange Book lists the '747 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 49.

50.     Defendants admit that the '954 patent is entitled "Therapeutical Uses of Eslicarbazepine" on the face of the patent.  Defendants further admit on information and belief that what purports to be a copy of the '954 patent is attached to the Complaint as Exhibit F.  Defendants further admit that the '954 patent lists September 19, 2017 as the Date of Patent.  Defendants deny all other allegations in paragraph 50.

51.     Defendants admit that the '954 patent lists "BIAL-PORTELA & CA, S.A." as the Assignee.  Defendants further admit on information and belief that the Orange Book lists the

expiration date of the '954 patent as September 13, 2028.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 51 and therefore deny them.

52.     Defendants admit that the Orange Book lists the '954 patent in connection with NDA No. 022416.  Defendants deny all other allegations in paragraph 52.

### The ANDA

53.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate) tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug.  Defendants deny all other allegations in paragraph 53.

54.     Defendants admit that ANDA No. 211246 contained certifications pursuant to section 505(j)(2)(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '431 patent, the '135 patent, the '244 patent, the '929 patent, the '747 patent, and the '954 patent. Defendants further admit that Lupin Ltd. sent a letter dated January 9, 2018 to Plaintiffs notifying Plaintiffs that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) ("Lupin Ltd.'s January 9, 2018 letter") and that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 54.

55.     Defendants admit that Lupin Ltd. sent a letter dated January 9, 2018 to Plaintiffs notifying Plaintiffs that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) ("Lupin Ltd.'s January 9, 2018 letter").  Defendants further admit on information and belief that Sunovion and Bial received Lupin Ltd.'s January 9, 2018 letter on or about January

10, 2018 and January 11, 2018, respectively.  Defendants further admit that ANDA No. 211246

contained certifications pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. §

355(j)(2)(A)(vii)(IV) for the '431 patent, the '135 patent, the '244 patent, the '929 patent, the

'747 patent, and the '954 patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s

January 9, 2018 letter included a detailed statement of the factual and legal bases for its

certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other

allegations in paragraph 55.

56.     The allegation in paragraph 56 is a legal conclusion to which no answer is

required.  To the extent that a response is required, Defendants admit that Plaintiffs commenced

this action by filing their Complaint on February 23, 2018.  Defendants deny all other allegations

in paragraph 56.

## COUNT I
## (INFRINGEMENT OF THE '431 PATENT UNDER 35 U.S.C. § 271(e)(2))

57.     Defendants repeat and re-allege their answers to each of the preceding paragraphs

1-56, as if fully set forth herein.

58.     Defendants admit that Lupin Ltd., as a sole applicant, submitted ANDA No.

211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg,

600 mg, and 800 mg.  Defendants further admit that ANDA No. 211246 contained a certification

pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for

the '431 patent.  Defendants deny all other allegations in paragraph 58.

59.     Defendants admit that ANDA No. 211246 contained a certification pursuant to

section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '431

patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a

detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 59.

60.     The allegations in paragraph 60 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.  Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate) tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No. 211246 contains information intended to establish bioequivalence with the Reference Listed Drug.  Defendants deny all other allegations in paragraph 60.

61.     Denied.

62.     Denied.

63.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 63 and therefore deny them.

64.     Denied.

65.     Denied.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore deny them.

67.     Denied.

## COUNT II
## (INFRINGEMENT OF THE '135 PATENT UNDER 35 U.S.C. § 271(e)(2))

68.     Defendants repeat and re-allege their answers to each of the preceding paragraphs 1-67 as if fully set forth herein.

69.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '135 patent. Defendants deny all other allegations in paragraph 69.

70.     Defendants admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '135 patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 70.

71.     The allegations in paragraph 71 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate) tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No. 211246 contains information intended to establish bioequivalence with the Reference Listed Drug.  Defendants deny all other allegations in paragraph 71.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     The allegations in paragraph 77 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '135 patent.  Defendants deny all other allegations in paragraph 77.

78.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 78 and therefore deny them.

79.     Denied.

80.     Denied.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and therefore deny them.

82.     Denied.

## COUNT III
## (INFRINGEMENT OF THE '244 PATENT UNDER 35 U.S.C. § 271(e)(2))

83.     Defendants repeat and re-allege their answers to each of the preceding paragraphs 1-82, as if fully set forth herein.

84.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 contained a certification pursuant to section

505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '244 patent.

Defendants deny all other allegations in paragraph 84.

85.     Defendants admit that ANDA No. 211246 contained a certification pursuant to

section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '244

patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a

detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 85.

86.     The allegations in paragraph 86 are legal conclusions to which no answer is

required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks

for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under

21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate)

tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No.

211246 contains information intended to establish bioequivalence with the Reference Listed

Drug.  Defendants deny all other allegations in paragraph 86.

87.     Denied.

88.     Denied.

89.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21

U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other

allegations in paragraph 89 and therefore deny them.

90.     Denied.

91.     Denied.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and therefore deny them.

93.     Denied.

## COUNT IV
## (INFRINGEMENT OF THE '929 PATENT UNDER 35 U.S.C. § 271(e)(2))

94.     Defendants repeat and re-allege their answers to each of the preceding paragraphs 1-93, as if fully set forth herein.

95.     Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '929 patent. Defendants deny all other allegations in paragraph 95.

96.     Defendants admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '929 patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 96.

97.     The allegations in paragraph 97 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate) tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No.

211246 contains information intended to establish bioequivalence with the Reference Listed

Drug.  Defendants deny all other allegations in paragraph 97.

98.     Denied.

99.     Denied.

100.    Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21

U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other

allegations in paragraph 100 and therefore deny them.

101.    Denied.

102.    Denied.

103.    Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 103 and therefore deny them.

104.    Denied.

## COUNT V
## (INFRINGEMENT OF THE '747 PATENT UNDER 35 U.S.C. § 271(e)(2))

105.    Defendants repeat and re-allege their answers to each of the preceding paragraphs

1-104, as if fully set forth herein.

106.    Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21

U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants further admit that ANDA No. 211246 contained a certification pursuant to section

505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '747 patent.

Defendants deny all other allegations in paragraph 106.

107.    Defendants admit that ANDA No. 211246 contained a certification pursuant to

section 505(j)(2(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '747

patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 107.

108.    The allegations in paragraph 108 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.  Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate) tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No. 211246 contains information intended to establish bioequivalence with the Reference Listed Drug.  Defendants deny all other allegations in paragraph 108.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    The allegations in paragraph 114 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '747 patent.  Defendants deny all other allegations in paragraph 114.

115.    Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 115 and therefore deny them.

116.    Denied.

117.    Denied.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and therefore deny them.

119.    Denied.

## COUNT VI
### (INFRINGEMENT OF THE '954 PATENT UNDER 35 U.S.C. § 271(e)(2))

120.    Defendants repeat and re-allege their answers to each of the preceding paragraphs 1-119, as if fully set forth herein.

121.    Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg. Defendants further admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2)(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '954 patent. Defendants deny all other allegations in paragraph 121.

122.    Defendants admit that ANDA No. 211246 contained a certification pursuant to section 505(j)(2)(A)(vii)(IV) of the FDCA and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '954 patent.  Defendants further admit that Exhibit A to Lupin Ltd.'s January 9, 2018 letter included a detailed statement of the factual and legal bases for its certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  Defendants deny all other allegations in paragraph 122.

123.    The allegations in paragraph 123 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants state that ANDA No. 211246 speaks for itself.  Defendants further admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under

21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants further admit that ANDA No. 211246 identifies APTIOM® (eslicarbazepine acetate)

tablets, 200 mg, 400 mg, 600 mg, and 800 mg, as the Reference Listed Drug and that ANDA No.

211246 contains information intended to establish bioequivalence with the Reference Listed

Drug.  Defendants deny all other allegations in paragraph 123.

    124.    Denied.

    125.    Denied.

    126.    Denied.

    127.    Denied.

    128.    Denied.

    129.    The allegations in paragraph 129 are legal conclusions to which no answer is

required.  To the extent an answer is required, Defendants admit that Exhibit A to Lupin Ltd.'s

January 9, 2018 letter included a detailed statement of the factual and legal bases for its

certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '954 patent.  Defendants deny

all other allegations in paragraph 129.

    130.    Defendants admit that Lupin Ltd. submitted ANDA No. 211246 to FDA under 21

U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

Defendants lack knowledge or information sufficient to form a belief about the truth of all other

allegations in paragraph 130 and therefore deny them.

    131.    Denied.

    132.    Denied.

    133.    Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 133 and therefore deny them.

134.   Denied.

## REQUEST FOR RELIEF

Defendants deny all remaining allegations not specifically admitted herein.  Defendants further deny that Plaintiffs are entitled to any judgment or relief requested in the Complaint, or to any relief whatsoever.  Defendants respectfully request that the Court: (a) dismiss the Complaint with prejudice; (b) enter judgment in favor of Defendants; (c) award Defendants the reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award Defendants such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in their Answer and without admitting any allegations of the Complaint not otherwise admitted, Defendants aver and assert the following Affirmative Defenses to Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 8,372,431)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '431 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 8,372,431)

Upon information and belief, the claims of the '431 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,206,135)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '135 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,206,135)

Upon information and belief, the claims of the '135 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,566,244)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '244 patent.

### SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,566,244)

Upon information and belief, the claims of the '244 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,643,929)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '929 patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,643,929)

Upon information and belief, the claims of the '929 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

## NINTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,750,747)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '747 patent.

## TENTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,750,747)

Upon information and belief, the claims of the '747 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Noninfringement of U.S. Patent No. 9,763,954)**

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg, that are the subject of ANDA No. 211246 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '954 patent.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 9,763,954)**

Upon information and belief, the claims of the '954 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Improper Party)**

Lupin Pharmaceuticals, Inc. is not a proper party under 35 U.S.C. § 271(e)(2)(A).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Costs)**

Plaintiffs are barred by 35 U.S.C. § 288 from recovering any cost associated with the suit.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

Plaintiffs' cause of action is barred, in whole or in part, by the doctrine of prosecution history estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over any and all claims asserted against

Lupin Pharmaceuticals, Inc. and any and all claims asserted under 35 U.S.C. § 271(a), (b) or (c).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to State an Exceptional Case and/or Willful Infringement)

The Complaint fails to state a claim for exceptional case and/or willful infringement

under 35 U.S.C. § 285 and/or 35 U.S.C. § 271(e)(4).

## RESERVATION OF DEFENSES

Defendants expressly reserve the right to supplement and/or amend their Answer to

Plaintiffs' Complaint, including, but not limited to, supplementation and/or amendment of their

defenses and amplifications of denials, as additional facts and information become known

through the course of this case and discovery hereby reserve any and all defenses.

## COUNTERCLAIMS

Lupin Ltd. ("Lupin Ltd." or "Counterclaimant"), by its attorneys, allege the following

counterclaims against BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion

Pharmaceuticals Inc. (collectively, "Plaintiffs" or "Counterclaim Defendants").

This is a counterclaim action for declaratory judgment of noninfringement and/or

invalidity of one or more claims of U.S. Patent 8,372,431 ("the '431 patent"), 9,206,135 ("the

'135 patent"), 9,566,244 ("the '244 patent"), 9,643,929 ("the '929 patent"), 9,750,747 ("the '747

patent), and 9,763,954 ("the '954 patent").

## THE PARTIES

1.     Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at B/4, Laxmi Towers, Bandra Kurla Complex, Bandra (East), Mumbai, 400 051 India.

2.     On information and belief, BIAL - PORTELA & CA S.A. is a Portuguese corporation having its principal place of business at Avenida da Siderurgia Nacional, Coronado (São Romão e São Mamede) 4745-455 Trofa, Portugal.

3.     On information and belief, BIAL - HOLDING, S.A. is a Portuguese corporation having its principal place of business at Avenida da Siderurgia Nacional, Coronado (São Romão e São Mamede) 4745-365 Trofa, Portugal.

4.     On information and belief, Sunovion Pharmaceuticals Inc. is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

## JURISDICTION AND VENUE

5.     These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has subject matter jurisdiction to hear these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimant in this district.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b),

and because Counterclaim Defendants commenced and continue to maintain this action in this

district.

### ORANGE BOOK-LISTED PATENTS FOR APTIOM®

9.      Upon information and belief, Sunovion Pharmaceuticals Inc. is the holder of

NDA No. 022416, on APTIOM®

10.     Upon information and belief, on February 12, 2013, U.S. Patent No. 8,372,431

("the '431 patent"), titled "Pharmaceutical Composition Comprising Licarbazepine Acetate"—a

copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit A—

was issued to BIAL-PORTELA & C.A., S.A. as assignee.  FDA's Orange Book lists the

expiration date of the '431 patent as April 17, 2030.

11.     Upon information and belief, on December 8, 2015, U.S. Patent No. 9,206,135

("the 135 patent"), titled "Asymmetric Catalytic Reduction of Oxcarbazepine"—a copy of which

Counterclaim Defendants purported to attach to their Complaint as Exhibit B—was issued to

BIAL-PORTELA & C.A., S.A. as assignee.  FDA's Orange Book lists the expiration date of the

'135 patent as April 21, 2026.

12.     Upon information and belief, on February 14, 2017, U.S. Patent No. 9,566,244

("the 244 patent"), titled "Pharmaceutical Composition Comprising Licarbazepine Acetate"—a

copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit C—

was issued to BIAL-PORTELE & CA, S.A. as assignee.  FDA's Orange Book lists the

expiration date of the '244 patent as October 23, 2028.

13.     Upon information and belief, on May 9, 2017, U.S. Patent No. 9,643,929 ("the

'929 patent"), titled "Asymmetric Catalytic Reduction of Oxcarbazepine"—a copy of which

Counterclaim Defendants purported to attach to their Complaint as Exhibit D—was issued to BIAL-PORTELA & CA, S.A. as assignee.  FDA's Orange Book lists the expiration date of the '929 patent as April 21, 2026.

14.     Upon information and belief, on September 5, 2017, U.S. Patent No. 9,750,747 ("the '747 patent"), titled "Treatments Involving Eslicarbazepine Acetate or Eslicarbazepine"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit E— was issued to BIAL-PORTELA & CA, S.A. as assignee.  FDA's Orange Book lists the expiration date of the '747 patent as August 24, 2032.

15.     Upon information and belief, on September 19, 2017, U.S. Patent No. 9,763,954 ("the '954 patent"), titled "Therapeutical Uses of Eslicarbazepine"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit F—was issued to BIAL-PORTELA & CA, S.A. as assignee.  FDA's Orange Book lists the expiration date of the '954 patent as September 13, 2028.

16.     Upon information and belief, Sunovion Pharmaceuticals Inc. submitted the '431, '135, '244, '929, '747, and '954 patents to FDA for listing in FDA's Orange Book in connection with NDA No. 022416.  Accordingly, Sunovion Pharmaceuticals Inc. maintains and has affirmatively represented that the '431, '135, '244, '929, '747, and '954 patents claim the approved drug APTIOM®, or a method of using that drug.

17.     Upon information and belief, each of the '431, '135, '244, '929, '747, and '954 patents is owned or co-owned by one or more of BIAL - PORTELA & CA S.A. and BIAL - HOLDING, S.A.

**LUPIN LTD.'S ANDA**

18.     Lupin Ltd. submitted Abbreviated New Drug Application ("ANDA") No. 211246 to FDA under 21 U.S.C. § 355(j) for eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg.

19.     Lupin Ltd.'s ANDA included Paragraph IV certifications to the '431, '135, '244, '929, '747, and '954 patents.

20.     Upon information and belief, Counterclaim Defendants received Lupin Ltd.'s January 9, 2018 letter on or around January 10, 2018 and January 11, 2018.

21.     On February 23, 2018, Counterclaim Defendants filed a patent infringement lawsuit against Lupin Ltd., alleging that Lupin Ltd.'s proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg that are the subject of ANDA No. 211246 would infringe the '431, '135, '244, '929, '747, and '954 patents.

22.     As a consequence of Counterclaim Defendants' Complaint against Lupin Ltd., there is now an existing and continuing actual controversy between Counterclaim Defendants and Lupin Ltd. concerning the alleged infringement and validity of the '431, '135, '244, '929, '747, and '954 patents.

23.     Accordingly, there is an actual, substantial and continuing justiciable controversy between Lupin Ltd. and Counterclaim Defendants regarding the '431, '135, '244, '929, '747, and '954 patents over which the Court can and should exercise jurisdiction and declare the rights of the parties.

**COUNT I**
**(Declaratory Judgment of Noninfringement of the '431 patent)**

24.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-23 as if fully set forth herein.

25.     The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg that are the subject of ANDA No. 211246 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '431 patent.

## COUNT II
### (Declaratory Judgment of Noninfringement of the '135 patent)

26.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-25 as if fully set forth herein.

27.     The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800 mg that are the subject of ANDA No. 211246 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '135 patent.

## COUNT III
### (Declaratory Judgment of Invalidity of the '135 patent)

28.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-27 as if fully set forth herein.

29.     The claims of the '135 patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

30.     The claims of the '135 patent would have been obvious to a person of ordinary skill in the art in view of the knowledge of a person of ordinary skill in the art and the prior art, including but not limited to at least one or more of the following references: WO 2004/031155

("WO '155"); Jan Benés et al., "Anticonvulsant and Sodium Channel-Blocking Properties of Novel 10,11-Dihydro-5H-dibenz[b,f]azepine-5-carboxamide Derivatives," 42 J. Med. Chem. 2582 (1999) ("Benés"); U.S. Patent No. 5,753,646 ("the '646 patent"); WO 02/096881 ("WO '881"); WO 02/092572 ("WO '572"); Jong Hyun Cho & B. Moon Kim, "An Efficient Method for Removal of Ruthenium Byproducts from Olefin Metathesis Reactions," 5 Organic Letters 531 (2003); The European Agency for the Evaluation of Medicinal Products, Committee for Proprietary Medicinal Products (CPMP), Note for Guidance on Specification Limits for Residues of Metal Catalysts; U.S. Department of Health and Human Services, Food and Drug Administration, Center for Drug Evaluation and Research, Guidance for Industry: Q3A Impurities in New Drug Substances ("FDA Guidance Q3A"); U.S. Department of Health and Human Services, Food and Drug Administration, Center for Drug Evaluation and Research, Guideline for Submitting Supporting Documentation in Drug Applications for the Manufacture of Drug Substances ("FDA Guideline");  J.W. Mullin, Crystallization (4th ed. 2001) ("Mullin"); Christian Bubert et al., "Synthesis of Water-Soluble Aminosulfonamide Ligands and Their Application in Enantioselective Transfer Hydrogenation," 42 Tetrahedron Letters 4037 (2001); and Xiaofeng Wu et al., "Insight into and Practical Application of pH-Controlled Asymmetric Transfer Hydrogenation of Aromatic Ketones in Water," 44 Angew. Chem. Int. Ed. 3407 (2005), and are therefore invalid under 35 U.S.C. § 103.

31.     The claims of the '135 patent are invalid under 35 U.S.C. § 112 for (1) failure to comply with the written description requirement, (2) failure to comply with the enablement requirement, and (3) failure to comply with the definiteness requirement.  The claims of the '135 patent do not satisfy the written description requirement at least because the specification fails to describe what is claimed in sufficient detail such that a person of ordinary skill in the art could

have concluded that the inventors were in possession of the claimed subject matter as of the

filing date.  The claims of the '135 patent do not satisfy the enablement requirement at least

because the specification would not have enabled a person of ordinary skill in the art to make

and use the claimed invention to its full scope without undue experimentation.  The claims of the

'135 patent do not satisfy the definiteness requirement at least because the claims, read in light of

the specification and the prosecution history, fail to inform, with reasonable certainty, a person

of ordinary skill in the art about the scope of the claimed invention.

32.     Counterclaimant reserves the right to provide additional and/or modified bases for

invalidity of the '135 patent in their contentions, responses to discovery requests, expert reports,

and/or pleadings filed and/or served later in this action.

## COUNT IV
### (Declaratory Judgment of Noninfringement of the '244 patent)

33.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-32 as if

fully set forth herein.

34.     The manufacture, use, sale, or offer to sell within, and/or importation into, the

United States of the products proposed in ANDA No. 211246 would not and will not directly or

indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable

claim of the '244 patent.

## COUNT V
### (Declaratory Judgment of Noninfringement of the '929 patent)

35.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-34 as if

fully set forth herein.

36.     The manufacture, use, sale, or offer to sell within, and/or importation into, the

United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800

mg that are the subject of ANDA No. 211246 would not and will not directly or indirectly

infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of

the '929 patent.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '929 patent)

37.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-36 as if

fully set forth herein.

38.     The claims of the '929 patent are invalid for failure to satisfy one or more of the

provisions of Title 35 of the United States Code, including, without limitation, the requirements

of 35 U.S.C. §§ 102, 103, and/or 112.

39.     The claims of the '929 patent would have been obvious to a person of ordinary

skill in the art in view of the knowledge of a person of ordinary skill in the art and the prior art,

including but not limited to at least one or more of the following references: WO '155; Benés;

the '646 patent; WO '881; WO '572; FDA Guidance Q3A; FDA Guideline; and Mullin, and are

therefore invalid under 35 U.S.C. § 103.

40.     The claims of the '929 patent are invalid under 35 U.S.C. § 112 for (1) failure to

comply with the written description requirement, (2) failure to comply with the enablement

requirement, and (3) failure to comply with the definiteness requirement.  The claims of the '929

patent do not satisfy the written description requirement at least because the specification fails to

describe what is claimed in sufficient detail such that a person of ordinary skill in the art could

have concluded that the inventors were in possession of the claimed subject matter as of the

filing date.  The claims of the '929 patent do not satisfy the enablement requirement at least

because the specification would not have enabled a person of ordinary skill in the art to make

and use the claimed invention to its full scope without undue experimentation.  The claims of the

'929 patent do not satisfy the definiteness requirement at least because the claims, read in light of

the specification and the prosecution history, fail to inform, with reasonable certainty, a person

of ordinary skill in the art about the scope of the claimed invention.

41.     Counterclaimant reserves the right to provide additional and/or modified bases for

invalidity of the '929 patent in their contentions, responses to discovery requests, expert reports,

and/or pleadings filed and/or served later in this action.

## COUNT VII
### (Declaratory Judgment of Noninfringement of the '747 patent)

42.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-41 as if

fully set forth herein.

43.     The manufacture, use, sale, or offer to sell within, and/or importation into, the

United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800

mg that are the subject of ANDA No. 211246 would not and will not directly or indirectly

infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of

the '747 patent.

## COUNT VIII
### (Declaratory Judgment of Noninfringement of the '954 patent)

44.     Counterclaimant repeats and re-alleges the allegations in paragraphs 1-43 as if

fully set forth herein.

45.     The manufacture, use, sale, or offer to sell within, and/or importation into, the

United States of the proposed eslicarbazepine acetate tablets, 200 mg, 400 mg, 600 mg, and 800

mg that are the subject of ANDA No. 211246 would not and will not directly or indirectly

infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '954 patent.

## EXCEPTIONAL CASE

This case is an exceptional one and Lupin Ltd. is entitled to an award of its reasonable attorneys' fees, costs, and expenses under 35 USC § 285.

## COUNTERCLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, Counterclaimant respectfully requests the Court to enter judgment against Counterclaim Defendants BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion Pharmaceuticals Inc. as follows:

A.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '431 patent;

B.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '135 patent;

C.     A declaration that the claims of the '135 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including §§ 102, 103 and/or 112;

D.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '244 patent;

E.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '929 patent;

F.     A declaration that the claims of the '929 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including §§ 102, 103 and/or 112;

G.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '747 patent;

H.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '954 patent;

I.      A declaration that Counterclaim Defendants BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion Pharmaceuticals Inc. take nothing by their Complaint;

J.      A dismissal of Counterclaim Defendants BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion Pharmaceuticals Inc.'s Complaint with prejudice and denying each request for relief by Counterclaim Defendants BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion Pharmaceuticals Inc.;

K.      A declaration that Counterclaimant is the prevailing party and an award to Counterclaimant of its reasonable costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

L.      A declaration that Counterclaim Defendants are not entitled to injunctive relief;

M.      Granting Counterclaimant judgment in its favor on Counterclaim Defendants BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion Pharmaceuticals Inc.'s claims;

N.      Granting Counterclaimant judgment in its favor on its own Counterclaims; and

O.      An award of any other and further relief that this Court may deem just and proper.

Date:  April 18, 2018                    PHILLIPS GOLDMAN McLAUGHLIN & HALL, P.A.


*/s/ John C. Phillips, Jr.*
John C. Philips, Jr. (# 110)
David A. Bilson (# 4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Of Counsel*
Keith D. Parr
James T. Peterka
Nina Vachhani
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*